## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Jessica Galloway,<br><br>     Plaintiff,<br>v.<br><br>Continental Service Group, Inc., a New York corporation, d/b/a ConServ,<br><br>     Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by Defendant, Continental Service Group, Inc., in its illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

4.  Plaintiff, Jessica Galloway ("Ms. Galloway") is a natural person who resides in the County of Ionia, State of Michigan,

5.  Plaintiff is a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6.  Defendant, Continental Service Group, Inc., ("CSG"), is a foreign corporation, and does business as ConServ.

7.  Defendant CSG uses one or more instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

8.  Defendant CSG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.  Defendant CSG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Sometime prior to January 1, 2016, Plaintiff incurred financial obligations that were primarily for personal, family

or household purposes in the form of student loans ("the Debt").

11.    The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.    Sometime after default, the Debt was assigned, sold, conveyed, delivered, consigned, placed, or otherwise transferred to Defendant CSG for collection.

13.    On or about August 1, 2016, Plaintiff filed for Total and Permanent disability discharge of her eligible federal student loans.

14.    On or about August 8, 2016, the Department of Education, through Nelnet, Inc., acknowledged Plaintiff's previously submitted application for Total and Permanent disability discharge of her eligible federal student loans.

15.    The Department of Education, through Nelnet, Inc., was aware that Plaintiff had legal counsel with respect to her student loans eligible for Total and Permanent disability discharge.

16. Nelnet, Inc., sent a letter to Plaintiff dated August 8, 2016, indicating that "**[w]e have contacted the holder(s) of your federal student loan and/or TEACH Grant service obligation listed below. We have instructed the loan holders to suspend collection activity on your loan while we determine your eligibility for discharge.**" (Emphasis in original).

17. On or about August 24, 2016, Defendant sent Plaintiff a letter regarding several student loans ("the Letter").

18. The Letter indicated that Plaintiff was delinquent and owed on multiple student loans, each one being notes as either a Federal Direct Student Loan or a Guaranteed Student Loan, FFEL.

19. The Letter sought to collect over $28,000 from Plaintiff, including principal, interest, and fees and costs.

20. The Letter indicated "[t]his communication is from a debt collector and is an attempt to collect a debt."

21.  The Letter indicated that Plaintiff's account was assigned to Defendant for collection.

22.  The Letter indicated that Plaintiff was legally responsible to repay the Debt.

23.  The Letter claimed that Plaintiff "must contact the agency listed on this notice to arrange for repayment of your debt."

24.  Defendant's statement that Plaintiff "must contact the agency listed on this notice to arrange for repayment of your debt" was false, misleading, or deceptive.

25.  Defendant did not need to contact the agency listed in the Letter to arrange for repayment of her debt.

26.  34 C.F.R. § 685.213(b)(1) sates, in relevant part:

> If the borrower notifies the Secretary that the borrower claims to be totally and permanent disabled prior to submitting a total and permanent disability discharge application, the Secretary [of the Department of Education or an official or employee of the Department of Education acting for the Secretary under a delegation of authority pursuant to 34 C.F.R. 600.2] -

(i) Provides the borrower with information needed for the borrower to apply for a total and permanent disability discharge;

(ii) Suspends collection activity on any of the borrower's title IV loans held by the Secretary, and notifies the borrower's other title IV loan holders to suspend collection activity on the borrower's title IV loans for a period not to exceed 120 days; and

(iii) Informs the borrower that the suspension of collection activity will end after 120 days and collection will resume on the loans if the borrower does not submit a total and permanent disability discharge application to the Secretary within that time.

27. Plaintiff had notified the Secretary, and had received confirmation from the Department of Education, through Nelnet, Inc., that her application for Total and Permanent disability discharge of her eligible federal student loans had been received and that she was afforded a stay of collection activities at the time Defendant's letter was sent.

28. Defendant is obligated to cease collection activity of student loans when the conditions of 34 C.F.R. § 685.213(b)(1) are met.

29.    Upon information and belief, the Department of Education routinely informs Defendant regarding borrowers who have accounts that are subject to a suspension of collection activity.

30.    Upon information and belief, at the time Defendant sent the Letter, CSG had been instructed to suspend collection activity on the Debt.

31.    CSG was precluded from collection activity on the Debt at the time it sent the Letter.

32.    The Letter attempted to collect an amount that was not permitted or authorized by law.

33.    The Letter falsely represented the character, amount, or legal status of the Debt.

34.    The Letter used false or deceptive means to attempt to collect a debt from the Plaintiff.

35.    The Letter falsely represented to be a document authorized, issued, or approved by an agency of the United States, which created a false impression as to it authorization or approval.

36. CSG's mailing of the Letter was an action that could not legally be taken at the time the letter was sent.

37. Upon information and belief, at the time CSG sent the Letter to Plaintiff, Defendant was aware that Plaintiff was represented by legal counsel.

38. It is known or should be known to be inconvenient to a consumer for a debt collector to send a collection letter directly to a consumer who is represented by legal counsel.

39. It is known or should be known to be inconvenient to a consumer for a debt collector to send a debt collection letter to a consumer who is has applied for Total and Permanent disability discharge of eligible federal student loans and has been granted protection from collection activity pursuant to 34 C.F.R. § 685.213(b).

40. Plaintiff has suffered an injury in fact traceable to CSG's conduct that is likely to be redressed by a favorable decision in this matter.

41.   As a direct, actual, and proximate result of the acts and omissions of CSG, Plaintiff has suffered actual damages in the form of anger, anxiety, frustration, upset, and other negative emotions.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

42.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.   The foregoing acts and omissions of Defendant CSG and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

44.   Defendant CSG violated 15 U.S.C. § 1692c(a)(1).

45.   Defendant CSG violated 15 U.S.C. § 1692c(a)(2).

46.   Defendant CSG violated 15 U.S.C. § 1692d.

47.   Defendant CSG violated 15 U.S.C. § 1692e.

48.   Defendant CSG violated 15 U.S.C. § 1692e(2)(A).

49.   Defendant CSG violated 15 U.S.C. § 1692e(5).

50.     Defendant CSG violated 15 U.S.C. § 1692e(9).

51.     Defendant CSG violated 15 U.S.C. § 1692e(10).

52.     Defendant CSG violated 15 U.S.C. § 1692f.

53.     Defendant CSG violated 15 U.S.C. § 1692f(1).

54.     As a result of Defendant's violations of the FDCPA, Plaintiff
is entitled to actual damages pursuant to 15 U.S.C. §
1692k(a)(1); statutory damages in an amount up to
$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
reasonable attorney's fees and costs pursuant to 15 U.S.C. §
1692k(a)(3), from Defendant CSG.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered
against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. §
1692k(a)(1) against CSG and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against CSG and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against CSG and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com

## **JURY DEMAND**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.   US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com